Van Voobhis, J. (dissenting).
This is an unusual situation, where the Swiss courts have decided that the decedent was domiciled in Switzerland, and the New York Surrogate’s Court that he was domiciled in this country. As an acknowledged illegitimate son, appellant would be entitled to inherit under Swiss law; contrariwise under the law of New York State. It has been held that appellant is estopped by the order of the Surrogate admitting the will to probate in New York County, on the basis that the deceased was a New York State domiciliary when he died. Appellant appeared and contested the probate on the ground that decedent had been domiciled in Switzerland and not in New York. He was held not to be a party in interest, and was not thereafter cited when it came to the executor’s accounting and the distribution of the assets. Insofar as concerns assets having a situs in New York State at the time of death, I have no question that the decision is correct. Upon the other hand, there is something wrong about the disposition of the Swiss assets, which were obtained by the widow in Switzerland as a result of Swiss legal proceedings, and were then brought by her to New York after her husband’s death. If they had been left in Switzerland, they would have been distributed in accordance with the Swiss decree so that the son would have inherited his share under Swiss law. There is something wrong about allowing the widow to take the law into her own hands so as to change the devolution of this property by taking possession of it in Switzerland, under Swiss legal process, and then removing it to the United States thus thwarting its disposal by the Swiss courts under Swiss law. The decedent has been held by the Swiss courts to have been domiciled there, not here, and fairness and reason require a determination either that the Surrogate lacked jurisdiction to dispose of them, or that the Surrogate should be required to remit them to Switzerland to be disposed *274 of under the Swiss decree. The situs of investment securities has been held to be a factor of determinative importance (Wyatt v. Fulrath, 16 N Y 2d 169), and the widow should not be allowed unilaterally to decide the choice of law by leaving the securities in Switzerland or bringing them to the United States, and thus to determine whether they are to be distributed under the conflicting Swiss or New York decrees. Appellant is not estopped by the admittance of the will to probate in New York, inasmuch as it might very well be admitted here to dispose of the New York assets. But a suitable respect for the decrees of other civilized countries would not empower the New York County Surrogate to dispose of assets which would be distributed under the Swiss decree except for the fact that the widow has changed their situs to this country to suit her own advantage. Appellant was not a party to the judicial settlement proceedings, and no one contends that he is estopped by the decree of distribution. The order appealed from ought to be reversed or, at least, modified so as to return the Swiss assets to Switzerland, where they were when decedent died, to be administered in that jurisdiction.
Judges Full, Burke and Bergan concur with Chief Judge Desmond; Judge Van Voorhis dissents in an opinion in which Judges Scileppi and Keating concur.
Appeal from order, insofar as it affirms the order denying the application to vacate the probate decree, dismissed for non-finality; in all other respects, order affirmed, with costs.